**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHENIK NAZARYAN; HOVHANNES DANIELYAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-73492 <br><br> Agency Nos.  A097-356-369 <br> A097-356-370 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Zhenik Nazaryan, a native of Iran and citizen of Armenia, and Hovhannes

Danielyan, a native and citizen of Armenia, petition for review of the Board of

Immigration Appeals' order dismissing their appeal from an immigration judge's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Nazaryan failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the Armenian government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

However, substantial evidence does not support the agency's nexus determination because Nazaryan's testimony and declaration established that the extortion demands and threats from local police were motivated, at least in part, by her husband's political opinion regarding Armenia. *See Borja v. INS*, 175 F.3d 732, 735-37 (9th Cir. 1999) (en banc) ("The evidence viewed as a whole compels the inescapable conclusion that the harm and continuing threats the NPA inflicted upon Ms. Borja were motivated not just by an isolated desire for money, but in fact were triggered by her initial hostile political confrontation with its agents."). Here, the BIA incorrectly stated that the police detained Nazaryan's husband only after they learned Nazaryan had relatives in the U.S., when the record shows the police

2                                                                          10-73492

beat and detained him because of his political statements before learning of the U.S. relatives. Accordingly, we grant the petition as to Nazaryan's asylum and withholding of removal claims and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**